**FREEDOM FROM RELIGION FOUNDATION, INC., Anne Gaylor, Annie Laurie Gaylor, Dan Barker, Samuel M. Essak, Jennifer Essak, Richard A. Uttke and Michael Hakeem, Plaintiffs,**

v.

**Tommy G. THOMPSON and Jon E. Litscher, Defendants.**

**No. 95–C–634–S.**

United States District Court, W.D. Wisconsin.

Feb. 23, 1996.

Jeffrey Kassel, Lafollette & Sinykin, Madison, WI, for Freedom From Religion Foundation Anne Gaylor, Annie Laurie Gaylor, Dan Barker, Samuel M. Essak, Jennifer Essak, Richard A. Uttke, Michael Hakeem.

Steven P. Means, Michael, Best & Friedrich, Madison, WI, for Tommy G. Thompson, Jon E. Litscher.

## MEMORANDUM AND ORDER

SHABAZ, Chief Judge.

Plaintiffs commenced this action pursuant to 42 U.S.C. § 1983 seeking a determination that Wisconsin's Good Friday state holiday violates the Establishment Clause of the First Amendment to the United States Constitution. Jurisdiction is based upon 28

U.S.C. § 1331. The matter is presently before the Court on plaintiffs' motion for summary judgment.

## BACKGROUND

Good Friday, the Friday before Easter Sunday, is the day on which Christians commemorate the crucifixion of Jesus Christ. It is a day observed in many Christian churches by a three hour solemn service in the afternoon. Two days later, on Easter Sunday, Christians celebrate the resurrection of Christ.

During the past ten years in Wisconsin several stores have held sales on Good Friday, some of which have featured Easter Bunny or egg hunt themes and one which offered double coupon day. In addition, a "Wabbits" film festival was held in 1991, a vigil for peace was held in 1989, and food and blood drives have been held on Good Friday.

Wisconsin Statute § 895.20 provides in relevant part:

> **Legal Holidays.** January 1, January 15, the third Monday in February (which shall be the day of celebration for February 12 and 22), the last Monday in May (which shall be the day of celebration for May 30), July 4, the first Monday in September which shall be known as Labor Day, the second Monday in October, November 11, the fourth Thursday in November (which shall be the day of celebration for Thanksgiving), December 25, the day of holding the September primary election, and the day of holding of general election in November are legal holidays. On Good Friday the period from 11:00 A.M. to 3:00 P.M. shall uniformly be observed for the purpose of worship ...

The language of the final sentence set forth above was adopted by the Wisconsin legislative in 1945 by Chapter 190, Laws of 1945 and was first codified at § 256.17 Wis.Stat. (1945).

Wisconsin Statute § 230.35 provides in part:

> (4)(a) Except as otherwise provided in sub. (5)(c), the office of the agencies of state government shall be kept open all days of the year except Saturdays, Sundays and the following holidays:
>
> 1. January 1;
>
> 1m. the third Monday in January, which shall be the day of celebration for January 15.
>
> 2. After 12:00 noon on Good Friday, in lieu of the period specified in s. 895.30;
>
> 3. The last Monday in May, which shall be the day of celebration for May 30;
>
> 4. July 4;
>
> 5. The first Monday in September;
>
> 6. The fourth Thursday in November;
>
> 7. December 24;
>
> 8. December 25;
>
> 9. December 31;
>
> 10. The day following if January 1, July 4 or December 25 falls on Sunday.
>
> (b) Compensatory time off or payment, either of which shall be at the rate of time and one-half, shall be granted to state employees for:
>
> 1. All work performed on the holidays enumerated in par. (a) 1, 1m and 329. 2. the fifth through eighth hours worked on Good Friday.

The language in § 230.35(4)(a) which references Good Friday was enacted in 1957 by Chapter 553, Laws of 1957.

Plaintiffs Freedom From Religion, Inc., Anne Gaylor, Annie Laurie Gaylor, and Dan Barker are taxpayers or represent taxpayer members who object to the statute on the basis of the expenditure of state funds for a religious holiday. Defendants Samuel and Jennifer Essak, Richard A. Uttke and Michael Hakeem are employed by the State of Wisconsin and are taxpayers in the State of Wisconsin. None of the plaintiffs observe Good Friday as a religious holiday. Plaintiffs Samuel and Jennifer Essak are members of the Jewish faith and observe Jewish holidays. They use annual leave or personal days to obtain leave from state employment to observe Jewish high holidays of Rosh Hashanah and Yom Kippur.

## MEMORANDUM

Plaintiffs contend that both the manifest legislative purpose and the effect of the Wis-

consin Statutes designating Good Friday afternoon as a holiday is to favor Christianity over other religious beliefs or non-belief. Defendants argue that they have produced sufficient evidence from which it may be inferred that the statutes have a secular purpose.

Summary judgment is appropriate when, after both parties have the opportunity to submit evidence in support of their respective positions and the Court has reviewed such evidence in the light most favorable to the nonmovant, there remains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure.

A fact is material only if it might affect the outcome of the suit under the governing law. Disputes over unnecessary or irrelevant facts will not preclude summary judgment. A factual issue is genuine only if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Under Rule 56(e) it is the obligation of the nonmoving party to set forth specific facts showing that there is a genuine issue for trial.

■ Religious freedom is basic to this nation. Many of those who formed this nation or immigrated to it left their homelands to escape religious persecution seeking the right to worship without government interference. The First Amendment to the United States Constitution guarantees this right to worship without government interference by providing that "Congress shall make no law respecting an establishment of religion." Though there have been a variety of approaches to defining when state action violates the Establishment Clause the heart of the clause is that government, state or federal, should not prefer one religion to another or religion to irreligion. *Board of Educ. of Kiryas Joel Village School District v. Grumet,* —— U.S. ——, 114 S.Ct. 2481, 129 L.Ed.2d 546 (1994).

In *Metzl v. Leininger,* 57 F.3d 618 (7th Cir.1995), the Seventh Circuit addressed the constitutionality of Illinois' Good Friday school closing statute finding it to be in violation of the Establishment Clause. The Court found the statute to be state promotion of the Christian religion for which the state had proved no secular purpose. Since this Court is bound by the *Metzl* precedent, the initial task is to determine how Wisconsin's statutes providing a state holiday for Good Friday afternoon may be distinguished in a legally relevant sense from the Illinois law considered in *Metzl.* The Court finds only one meaningful distinction: the Wisconsin Statutes, § 895.20 and 230.35(4), have as their express purpose the promotion of Christian worship.

It is unnecessary for the Court to engage in academic discussion concerning the continuing vitality of the three-part test to resolve Establishment Clause challenges first set forth in *Lemon v. Kurtzman,* 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971), because all cases which have addressed the Establishment Clause, regardless of whether they apply the Lemon test have held unconstitutional those statutes whose principal purpose and effect is the advancement of a specific religious belief. *Metzl,* 57 F.3d at 620. Wisconsin's law clearly has the promotion of Christianity as its primary purpose and effect.

*Legislative Purpose.*

■ The language of § 895.20 leaves absolutely no doubt that the purpose of the Wisconsin legislature in designating Good Friday afternoon as a holiday was the promotion of religion. Section 895.20 prescribes that the Good Friday holiday "shall uniformly be observed for the purpose of worship". This statutory language promoting a specific religion is more than just evidence of an impermissible legislative purpose, it is a permanent public pronouncement in a prominent public place endorsing a particular religion.

It is a central purpose of the Establishment Clause to preclude such public pronouncements by the government favoring one religion.

Whatever else the Establishment Clause may mean (and we have held it to mean no official preference even for religion over nonreligion), it certainly means at the very least that government may not demon-

strate a preference for one particular sect or creed (including a preference for Christianity over other religions). The clearest command of the Establishment Clause is that one religious denomination cannot be officially preferred over another.

*County of Allegheny v. The American Civil Liberties Union,* 492 U.S. 573, 605, 109 S.Ct. 3086, 3107, 106 L.Ed.2d 472 (1989) (citations omitted). The principle that a religious purpose set forth in the statute is critical to an Establishment Clause determination was also demonstrated amply in *McGowan v. Maryland,* 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961), wherein the court recognized the importance of legislative amendments to Sunday Laws which eliminated recitation of religious purpose. *Id.* at 448, 81 S.Ct. at 1116–17. In fact, the court recognized that Sunday Laws which contain an express religious purpose violate the Establishment Clause.

> We do not hold that Sunday legislation may not be a violation of the "Establishment" Clause if it can be demonstrated that its purpose—evidenced either on the face of the legislation, in conjunction with its legislative history, or in its operative effect—is to use the state's coercive power to aid religion.

*Id.* at 453, 81 S.Ct. at 1119.

Furthermore, in *Edwards v. Aguillard,* 482 U.S. 578, 594, 107 S.Ct. 2573, 2583, 96 L.Ed.2d 510 (1987) the Supreme Court recognized that when an improper religious purpose was demonstrated by the plain meaning of the statute's words, enlightened by their context and contemporaneous legislative history the statute must be found unconstitutional as a matter of law on summary judgment notwithstanding proposed expert testimony seeking to prove that the legislative purpose was something else. *Id.* at 594–595, 107 S.Ct. at 2583–2584.

> It is not a trivial matter, however, to require that the legislature manifest a secular purpose and omit all sectarian endorsements from its laws. That requirement is precisely tailored to the Establishment Clause's purpose of assuring that government not intentionally endorse religion or religious practice.

*Id.* at 587, 107 S.Ct. at 2579 (quoting *Wallace v. Jaffree,* 472 U.S. 38, 75, 105 S.Ct. 2479, 2499–2500, 86 L.Ed.2d 29 (O'Connor concurring)).

The majority opinion in *Metzl* also recognized the importance of legislative purpose in assessing the viability of a statute under Establishment Clause attack, by noting that an expressed statutory purpose of a three day spring weekend might have saved the law from challenge. This case presents the opposite situation, an express religious purpose embedded in the statute. It is apparent that the *Metzl* dissent would also have been persuaded by the religious purpose contained in the Wisconsin Statute. The dissent stated that a governor's rather innocuous proclamation in 1941 could not be the basis upon which it could be determined that the Illinois statute making Good Friday a holiday favored Christianity over other religions. The dissent further suggested that something other than the fact that Good Friday is a holiday must be shown in order to demonstrate that the holiday is intended to favor Christians over Muslims, Jews and others. Here, however, that other something is present. The statute on its face commands that Good Friday be uniformly observed for the purpose of worship.

Finally, even *Cammack v. Waihee,* 932 F.2d 765 (9th Cir.1991), the only court to uphold a Good Friday holiday statute, demonstrates why the Wisconsin statute cannot survive an Establishment Clause challenge. *Cammack* concluded that the Hawaii statute in issue had a legitimate, sincere secular purpose specifically to provide Hawaiians with another holiday and thus was not motivated "wholly" by an inappropriate purpose. The Court further explained that Hawaii's adoption of Good Friday as a legal holiday could be viewed as a less coercive endorsement of religion than Sunday Blue Laws and that Good Friday's mere placement on the roll of public holidays along with other days diminished the likelihood of endorsing effect. Finding no express religious legislative purpose in the Good Friday statute the court concluded as follows:

> Hawaii's recognition of Good Friday as a public holiday, we conclude, is sufficiently

focused toward its secular purpose and, after fifty years, has resulted in secular effects such that an objective observer, acquainted with the text, legislative history, and implementation of the statute, would not consider the day's recognition an endorsement of religion.

932 F.2d at 782 n. 18. The same obviously cannot be said for Wisconsin's Statute and legislative history which unequivocally demonstrates religious endorsement. Any objective observer acquainted with the text and implementation of the statute would conclude that it endorses Christianity.

■ Defendants argue that the expression of purpose in § 895.20 may be disregarded because the statute which actually provides the Good Friday holiday, § 230.35(4) does not depend upon § 895.20 which contains the avowed religious purpose. While it is true that § 230.35(4) effectively creates the state holiday, it directly references the Good Friday provision of § 895.20 making clear that both statutes must be considered in discerning the purpose of the Good Friday holiday. Furthermore, such an isolated approach to statutory interpretation is contrary to the general rule that related statutes, which §§ 895.20 and 230.35(4) surely are, must be construed together. *State v. Burkman*, 96 Wis.2d 630, 642, 292 N.W.2d 641 (1980).

■ In a related argument defendants assert that plaintiffs lack standing to challenge § 895.20 though they concede that plaintiffs have standing to challenge § 230.35. Based upon the previous discussion it is obvious that this position is equally meritless. Since the two statutes are related by express statutory reference and are therefore construed together, standing to challenge § 230.35 carries with it standing to challenge § 895.20.

*Effect of the Statute.*

■ The language of the statutes and their legislative history unequivocally establish their purpose as promotion of religion. However, even if the statute had not expressly established the promotion of Christianity as its purpose, the statute would fail because its primary effect, evidencing its purpose, as discussed in *Metzl* is to promote Christianity.

First, the statute clearly poses a practical disadvantage vis-a-vis Christians to those of other religions who must use annual leave to attend religious events while Christians are afforded a state holiday for the purpose of attending Good Friday religious observances. As *Metzl* noted "the First Amendment does not allow a state to make it easier for adherents of one faith to practice their religion than for adherents of another faith to practice *their* religion, unless there is a secular justification for the difference in treatment." 57 F.3d at 621.

■ In their effort to provide some secular justification defendants lamely attempt to demonstrate that Good Friday has become a secular celebration in Wisconsin. They do so in spite of the fact that every court which has considered the issue has recognized that Good Friday lacks significant secular trappings. Additionally, the Seventh Circuit Court of Appeals expressly determined that Good Friday is not a secular holiday anywhere in the United States. *Id.* at 620. Even *Cammack*, which upheld the Hawaiian Good Friday statute refused to accept "the contention that the observation of Good Friday in the western Christian world has become secularized in the same manner as Thanksgiving and Christmas celebrations have become in this country." 932 F.2d 765, 782 n. 19.

The fact that certain merchants have held promotions on Good Friday is hardly proof of the secular nature of Good Friday. It comes as no surprise that enterprising merchants will take advantage of a state holiday to attempt to increase sales. But several Good Friday sales over a period of ten years, a "Wabbits" film festival and blood and food drives do not establish Good Friday as a secular holiday and no reasonable factfinder could find that they do.

Nor is defendant's expert opinion that Good Friday and Easter are the same holiday of any weight since it is based upon no evidence but is a mere conclusory pronouncement which is contrary to the undisputed religious purposes of the two days. Certainly, belief in Christ's resurrection is related to belief in his crucifixion. This hardly suggests, however, that the two are celebrated

in the same fashion. In fact, it is offensive to suggest that they are.

> [W]e would insult observing Christians by characterizing Good Friday, a solemn day of worship and reflection on the death of Jesus Christ as a day of convivial secular celebration. Easter, perhaps because it is a celebration of Jesus' resurrection, does have some secular components such as egg hunts and chocolate bunnies and may, in this fashion, begin to approach Thanksgiving and Christmas. Good Friday, bereft of secular symbols or joyous festivity, simply does not belong in the same category.

> . . . . .

> I find this equation of Good Friday with Christmas and Thanksgiving both distasteful to practicing Christians, who do not wish a serious day permeated by mirth and levity, and unsettling to adherence of other religions or nonreligious persons, who would not desire their secular celebrations of Thanksgiving and Christmas to be linked to a holiday they could not imagine honoring.

*Cammack* 932 F.2d at 790 (Nelson, dissenting).

The underlying religious purpose of the statute is further demonstrated by the fact that Wisconsin's law creates a holiday only for Good Friday afternoon, a period which coincides with the most prevalent Christian observance on Good Friday. This factor, not present in *Metzl*, makes defendants' efforts to show secular purpose even less persuasive.

Defendants also seek to establish a secular purpose by providing expert testimony that Wisconsin's statutory exhortation to Good Friday worship does not significantly affect actual religious practices. As *Metzl* recognized, whether a statute actually influences church attendance is not critical. Like the Court of Appeals, this Court finds it unlikely that statutory enactments significantly impact religious beliefs. Certainly, neither Christians nor members of other religions expect or require the benign intervention of government in their individual pursuit of their religious beliefs. This fact, however, does not make attempted government intervention in religious choice less offensive to the Establishment Clause. *Metzl,* 57 F.3d at 623–24.

Defendants advance several additional arguments in support of a finding of secular purpose which require brief mention. First, plaintiffs note that employee collective bargaining agreements include the Good Friday holiday and that many employees request vacation on Good Friday morning. This, they suggest, supports an inference that Wisconsin enacted the law to accommodate employee wishes, not to promote religion. The reasonable inference, however, is that these facts are nothing more than a reflection of the fact that Good Friday is presently a state holiday. Logic dictates that union contracts will adopt state mandated holidays and that if employees are not required to work on an afternoon they will frequently seek vacation in the morning as well. They are more likely effects of the state law than motivations for its enactment. Furthermore, defendants note that greater requests for vacation are made on the Friday after Thanksgiving, which the state has not chosen to designate as a holiday.

Defendants also suggest that Good Friday furthers Wisconsin goals of competing for workers. However, they make no actual showing that the Good Friday is a selling point to employees or that hiring would be more difficult without a Good Friday holiday. Furthermore, since none of Wisconsin's neighboring states have adopted Good Friday as a holiday, though each of them have designated the Friday after Thanksgiving as such, the Court finds no basis to infer that the Good Friday holiday has in any way positively affected Wisconsin's ability to hire employees.

Even drawing inferences most favorable to the defendants, these facts do not raise a genuine factual dispute that the primary purpose and effect of Wisconsin's Good Friday holiday statutes is the promotion of Christian worship in violation of the Establishment Clause.

## CONCLUSION

The language of Wisconsin's Good Friday holiday law and its undisputed effect of favoring Christianity over other religions leads

overwhelming to the conclusion that promotion of Christianity is the primary purpose of the law. Defendants weak efforts to suggest that Good Friday has become secularized or that Wisconsin has other business reasons for adopting it as a holiday are insufficient as a matter of law to support a finding that the purpose and effect of the statute has changed significantly since its enactment.

### ORDER

IT IS ORDERED that plaintiffs' motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that declaratory judgment be entered in favor of plaintiffs and against defendants with costs declaring that Wisconsin's designations of Good Friday as a holiday in Wisconsin Statutes §§ 895.20 and 230.35(4)(a) are in violation of the Establishment Clause of the First Amendment to the United States Constitution.